UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA KING, M.D. | CIVIL ACTION |
| VERSUS | NO. 08-1060 |
| UNIVERSITY HEALTHCARE SYSTEM, L.C. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER ON MOTION

Defendant's motion for summary judgment is pending. Record Doc. No. 109. Having considered the voluminous submissions and arguments of both parties, **IT IS ORDERED** that the motion is DENIED. Genuine issues of material fact remain in dispute that preclude summary judgment, Fed. R. Civ. P. 56(c), including, but not limited to, whether: the parties agreed to all of the terms for an extension of plaintiff's contract; plaintiff conveyed her consent to all terms to defendant; plaintiff was required to sign both amendments before March 15, 2007; defendant gave plaintiff a final agreement to sign; the parties entered into an oral contract; the "Excess Hours Bonus" was unrelated to the employment contract; defendant agreed to pay for excess hours worked following Hurricane Katrina that were not covered by the written contract; the "Excess Hours Bonus" was earned compensation; defendant agreed to pay anesthesiologists an hourly rate for excess hours worked following Hurricane Katrina; plaintiff worked more hours after Hurricane Katrina than did male anesthesiologists; defendant paid male

anesthesiologists more for their excess work after Hurricane Katrina than defendant paid or offered to pay plaintiff; defendant asked plaintiff to forfeit compensation for excess hours worked following Hurricane Katrina; plaintiff notified defendant that she was claiming race and/or gender discrimination; defendant knew that plaintiff had made a claim of race and/or gender discrimination; defendant withdrew its offer of employment in retaliation for plaintiff's claim of discrimination; defendant terminated plaintiff's employment; and defendant terminated plaintiff's employment in retaliation for plaintiff's claim of discrimination.

To the extent that plaintiff relies on the deposition testimony and/or affidavit of Wendell Armant to support her claims, and to the extent that defendant contends that Armant's testimony and affidavit are insufficient to carry plaintiff's burden of proof, the court cannot weigh the evidence or make credibility findings when deciding a motion for summary judgment. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986); Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 991(5th Cir. 2001). However, defendant remains free to impeach Armant's credibility at trial.

New Orleans, Louisiana, this 29th day of April, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE