UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA KING, M.D. | CIVIL ACTION |
| VERSUS | NO. 08-1060 |
| UNIVERSITY HEALTHCARE SYSTEM, L.C. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

Defendant's Motion in Limine [to preclude evidence concerning an oral agreement], Record Doc. No. 150, is pending before me. Plaintiff's opposition memorandum was due to be filed on July 23, 2009, Record Doc. No. 148 at p. 2 ¶ 5, and plaintiff timely filed her response. Record Doc. No. 162. Having considered the parties' written submissions, the record and the applicable law, **IT IS ORDERED** that the motion is DENIED.

Defendant, University Healthcare System ("University Healthcare"), seeks to preclude plaintiff, Dr. Angela King, from introducing at trial any evidence concerning an oral agreement that Dr. King contends the parties entered into after they signed their written employment agreement. University Healthcare argues that such evidence is irrelevant and that its admission would be improper under Fed. R. Evid. 401 and 402 and under Fifth Circuit and Louisiana case law because the written agreement contained an

integration clause requiring that all subsequent modifications be in writing and signed by the parties. Should the court hold that the law does not prohibit the introduction of the evidence, defendant argues, alternatively, that the court should preclude the evidence under Fed. R. Evid. 403 because it would confuse the jury and unfairly prejudice the defendant.

The parties agree that Louisiana substantive law controls the contract issues in this action. University Healthcare cites Omnitech Int'l Inc. v. Clorox Co., 11 F.3d 1316 (5th Cir. 1994), which held that the plaintiff failed to prove any oral modification of a written agreement that included "an express integration clause, reflecting that the entire agreement between the parties had been reduced to writing in those instruments and that it can be modified only 'by written agreement executed by authorized representatives of the parties hereto.'" Id. at 1328.

However, the Fifth Circuit did not hold that the integration clause precluded the admission of parole evidence of a subsequent oral agreement under Louisiana law. To the contrary, the court stated: "While we by no means interpret the merger clause, per se, to preclude any parol evidence as to other possible agreements and/or representations between the parties, the facts of the instant case compel a conclusion that the merger clause correctly reflected the parties' intentions and should thus be enforced as written." Id. at 1328; see also Water Craft Mgmt., L.L.C. v. Mercury Marine, 361 F. Supp. 2d 518,

2

552 (M.D. La. 2004) (Polozola, C.J.), aff'd, 457 F.3d 484 (5th Cir. 2006) (citing Omnitech Int'l Inc., 11 F.3d at 1329) (An integration clause does not preclude the admission of parol evidence to prove "(2) a subsequent agreement between the parties that was independent of the disputed written agreement or intended to modify the original contract; (3) the written agreement only represented part of the entire agreement between the parties; and (4) a subsequent and valid oral agreement was entered into between the parties."). Thus, in both Omnitech and Water Craft Mgmt., the courts held that, on the particular facts of those cases, the integration clause should be enforced as to evidence concerning the parties's discussions prior to signing the written agreements.

Under Louisiana law, a written contract may be modified either by an oral amendment or the conduct of the parties. Pelican Elec. Contractors v. Neumeyer, 419 So. 2d 1 (La. App. 4th Cir. 1982); see La. Civ. Code art. 1848 ("Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or that the written act was modified by a subsequent and valid oral agreement.") (emphasis added).

Thus, the Fifth Circuit has concluded that "it is well established that[,] even if the written contract contains a provision requiring that all modifications be in writing, . . . either oral agreement or conduct can nonetheless prove modification. In all instances,

however, the party urging modification must establish that [the] parties mutually consented to the agreement as modified." Taita Chem. Co. v. Westlake Styrene Corp., 246 F.3d 377, 387 (5th Cir. 2001) (citing La. Civ. Code art. 1927; Society of the Roman Catholic Church of the Diocese of Lafayette, Inc. v. Interstate Fire & Cas. Co., 126 F.3d 727, 737 (5th Cir. 1997); Durham, Inc. v. Vanguard Bank & Trust Co., 858 F. Supp. 617, 621 (E.D. La. 1994) (Carr, J.); L & A Contracting Co. v. Ram Indus. Coatings, Inc., 762 So. 2d 1223, 1232 (La. App. 1st Cir. 2000); Wisinger v. Casten, 550 So. 2d 685, 687 (La. App. 2d Cir. 1989); Campagna v. Smallwood, 428 So. 2d 1343, 1348 (La. App. 4th Cir. 1983); Pelican Elec. Contractors, 419 So. 2d at 5; Pamper Corp. v. Town of Marksville, 208 So. 2d 715, 717 (La. App. 3d Cir. 1968)); accord Shaw Constructors v. PCS Nitrogen Fertilizer LP, No. 08-30594, 2009 WL 1706148 (5th Cir. June 17, 2009); CNH Capital Am., LLC v. Wilmot Farming Ventures, LLC, No. 07-0611, 2008 WL 2386166, at *3 (W.D. La. June 11, 2008) (James, J.); Lantech Constr. Co., L.L.C. v. Speed, No. 08-811, 2009 WL 1464129, at *4 (La. App. 5th Cir. May 26, 2009).

Louisiana courts have applied these principles to various types of contracts, specifically including employment agreements, and permitted the introduction of evidence in an attempt to prove a subsequent modification of the written agreement, even if the written agreement provided that all modifications must be in writing. See, e.g., Stockmon v. Van Alstyne, 976 So.2d 336, 339-41 (La. App. 2d Cir. 2008) (citing Scallan

4

v. Mark Petroleum Corp., 303 So.2d 498 (La. App. 2d Cir. 1974)); accord Kern v. River City Ford, Inc., 754 So. 2d 978, 982 (La. App. 1st Cir. 1999).

"It is a question of fact as to whether there were oral agreements that modified the written contract. The party asserting the modification of the obligation must prove the facts or acts giving rise to the modification." Aghili v. Strother, No. 2006-1118, 2007 WL 865413, at *2 (La. App. 1st Cir. Mar. 23, 2007) (citing La. Civ. Code art. 1831; Cajun Constructors, Inc. v. Fleming Constr. Co., 951 So. 2d 208, 214 (La. App. 1 Cir. 2006)). "The question of whether evidence offered by the plaintiff corroborates his claim under an oral contract is a finding to be made by the trier of fact . . . ." Lakewood Estates Homeowner's Ass'n, Inc. v. Markle, 847 So. 2d 633, 637-38 (La. App. 4th Cir. 2003) (citing Lee Eyster Assocs, Inc. v. Favor, 504 So. 2d 580, 582 (La. App. 4th Cir. 1987); Taylor v. Dowden, 563 So. 2d 1294, 1297 (La. App. 3d Cir. 1990)).

The evidence that Dr. King will use to attempt to prove her allegations of an oral agreement is relevant and admissible under Louisiana substantive law and Fed. R. Evid. 401 and 402.

Defendant argues, alternatively, that the evidence should be excluded under Fed. R. Evid. 403. Rule 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or

5

needless presentation of cumulative evidence." Fed. R. Civ. P. 403. "Relevant evidence is inherently prejudicial; but it is only <u>unfair</u> prejudice, <u>substantially</u> outweighing probative value, which permits exclusion of relevant matter under Rule 403. . . ." <u>United States v. Dillon</u>, 532 F.3d 379, 391(5th Cir. 2008) (quotation omitted). University Healthcare has failed to show that Dr. King's highly relevant evidence will either confuse the jury or unduly prejudice the defendant. Fed. R. Evid. 403.

For all of the foregoing reasons, defendant's motion in limine to preclude evidence concerning an oral agreement is DENIED.

New Orleans, Louisiana, this 24th day of July, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE