UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA KING, M.D. | CIVIL ACTION |
| VERSUS | NO. 08-1060 |
| UNIVERSITY HEALTHCARE SYSTEM, L.C. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

Plaintiff's Motion in Limine, Record Doc. No. 156, is pending before me. Defendant filed a timely opposition memorandum, Record Doc. No. 160. Having considered the parties' written submissions, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART, as follows.

Plaintiff, Dr. Angela King, seeks to preclude defendant, University Healthcare System, from introducing at trial evidence concerning five topics: "(1) the disbarment of Wendell Armant; (2) Armant's physical address; (3) the circumstances surrounding Dr. King and Armant's personal relationship; (4) certain communications between Armant and Norman Mott; and (5) other irrelevant matters." Record Doc. No. 156, at p.1. I address each of these arguments below.

(1) The Louisiana Supreme Court permanently disbarred Armant from practicing law on November 19, 2004. In re Armant, 888 So. 2d 768 (La. 2004). Dr. King argues

that Fed. R. Evid. 608 precludes the admission of <u>any</u> evidence concerning Armant's disbarment and that such evidence is not relevant to any issue in this action.

I find that Armant's disbarment is relevant to his credibility, which is an important and hotly disputed issue in this case. In deciding that Armant should be permanently disbarred, the Louisiana Supreme Court found that he

> had engaged in numerous instances of failure to promptly remit funds to his clients and third-party medical providers, . . . failure to refund unearned fees, [and] engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation . . . . [Armant] mishandled client and third-party funds, converting substantial amounts of these funds to his own use, and flouted the authority of this court by engaging in the unauthorized practice of law after we placed him on interim suspension.

<u>In re Armant</u>, 888 So. 2d 768, 780 (La. 2004).

Because cross-examination is not extrinsic evidence, it is not barred by Fed. R. Evid. 608.[1]  <u>United States v. Dawson</u>, 434 F.3d 956, 959 (7th Cir. 2006). Under Rule 608(b), a witness may be cross-examined concerning "instances of misconduct that are clearly probative of truthfulness or untruthfulness, such as perjury, fraud, swindling,

---

[1]Rule 608 provides, in relevant part:
(a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness . . . .
(b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

2

forgery, bribery, and embezzlement." United States v. Skelton, 514 F.3d 433, 443-44 (5th Cir. 2008); accord United States v. Shinderman, 515 F.3d 5, 17 (1st Cir. 2008); United States v. Jackson, 882 F.2d 1444, 1448 (9th Cir. 1989); United States v. Weichert, 783 F.2d 23 (2d Cir. 1986); United States v. Bocra, 623 F.2d 281, 288 (3d Cir. 1980). "The classic example of a permissible inquiry would be an incident in which the witness had lied." Id.

Federal courts have allowed cross-examination concerning a witness's disbarment or suspension from the practice of law for "conduct involving deceit or misrepresentation," United States v. Whitehead, 618 F.2d 523, 528 (4th Cir. 1980) (citations omitted); and for "misappropriating a client's funds" because such conduct "was particularly probative of his truthfulness." Jackson, 882 F.2d at 1446, 1448; accord Weichert, 783 F.2d at 25-26.

Accordingly, plaintiff's motion is denied in part. I will permit defendant to cross-examine Armant concerning his disbarment, to the extent that the evidence is probative of his truthfulness or untruthfulness. Such cross-examination will only be allowed to the extent that its probative value is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The motion is granted in part as to documents concerning Armant's disbarment, to the extent that defendant offers them to attack his character for truthfulness. Rule 608(b) prohibits proof by extrinsic evidence of specific instances of a witness's conduct, for the purpose of attacking or supporting his character for truthfulness. Fed. R. Evid. 608(b); Dawson, 434 F.3d at 959; accord United States v. Morgan, 505 F.3d 332, 339 (5th Cir. 2007); United States v. Jensen, 41 F.3d 946 (5th Cir. 1994). Thus, if Armant denies his disbarment on cross-examination, defendant must "take [the witness's] answer" and cannot introduce extrinsic evidence of his disbarment to impeach him under Rule 608(b). United States v. Martz, 964 F.2d 787, 789 (8th Cir. 1992); accord Morgan, 505 F.3d at 340; Dawson, 434 F.3d at 959; Jensen, 41 F.3d at 957-58; United States v. Moore, 27 F.3d 969, 975 (4th Cir. 1994); Weichert, 783 F.2d at 26 n.3; Whitehead, 618 F.2d at 529.

On the other hand, such documents may be admissible under Fed. R. Evid. 404(b) for a purpose other than attacking Armant's character for truthfulness, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Defendant argues that the evidence is admissible to show Armant's and Dr. King's motive, opportunity, intent, knowledge and absence of mistake when Armant allegedly held himself out as an attorney during negotiations with defendant of Dr. King's contract. Extrinsic evidence of Armant's disbarment may be admissible for one of these permissible purposes under Rule 404(b), but it might also be

4

unnecessarily cumulative or otherwise inadmissible under Rule 403. Until the evidence develops at trial, I cannot rule on plaintiff's motion in this regard.

(2) The motion is denied as to Armant's physical address. Such information is routinely elicited during trial testimony as background information. In the circumstances of this case, cross-examination concerning Armant's physical address is relevant to his credibility and possible bias. Smith v. Illinois, 390 U.S. 129, 131 (1968); Martin v. Tate, 96 F.3d 1448, 1996 WL 506503, at *5-6 (6th Cir. Sept. 5, 1996); Siegfriedt v. Fair, 982 F.2d 14, 19 & n.5 (1st Cir. 1992); United States v. Mesa, 660 F.2d 1070, 1075-76 (5th Cir. Unit B. 1981). Plaintiff has not explained how the information could be unfairly prejudicial to plaintiff or Armant, or confusing or misleading to the jury, and I see no reason to exclude evidence of Armant's physical address under Rule 403.

(3) The motion is denied as to the circumstances surrounding Dr. King and Armant's personal relationship. Evidence of this relationship is relevant and admissible for several purposes, including possible bias, motivation and the credibility of both Dr. King and Armant. Skelton, 514 F.3d at 442-43 (citing United States v. Abel, 469 U.S. 45, 56 (1984); United States v. Martinez, 962 F.2d 1161, 1165 (5th Cir. 1992)). As with all evidence, questions concerning this topic will be subject to Rule 403.

(4) The motion is granted as to "certain [e-mail] communications between Armant and Norman Mott." Mott was Dr. King's attorney during and after negotiations of her

5

contract at issue, and was her attorney or former attorney at the time of the contested communications. He is one of plaintiff's will call witnesses. All of the communications at issue occurred on and after November 21, 2007, which was more than eight months after plaintiff's employment terminated. Defendant argues that the correspondence is being offered to show Armant's personal stake in this case and that Armant falsely testified at his deposition that Mott never reported to him concerning the case. I find that these e-mails concerning plaintiff's litigation strategy are irrelevant. Fed. R. Evid. 401. Furthermore, even if the e-mails were relevant, the crude and inflammatory language used and emotions expressed in them will have the primary effect of placing Armant and Mott in an unflattering light. Defendant will have ample opportunity to impeach Armant and to show his possible bias with other evidence. The probative value of the e-mails is substantially outweighed by the danger of unfair prejudice, jury confusion, waste of time and needless presentation of cumulative evidence. Fed. R. Evid. 403.

(5) Plaintiff moves to exclude the following "other irrelevant matters:"

(a) Form LDOL 77 Separation Notice Alleging Disqualification and (b) all evidence related to plaintiff's request or compensation for accrued personal time off during her employment with defendant: Plaintiff's motion is denied as to this evidence, which is relevant and neither unduly prejudicial nor confusing to the jury.

(c) Evidence of plaintiff's other business ventures (Phoenix Entertainment LLC and Seguin Anesthesia Group LLC), in which Armant was also involved: Plaintiff's motion is denied as to this evidence, which may be admitted for the limited purpose of showing Armant's and Dr. King's possible bias and credibility.

(d) Documents and testimony concerning plaintiff's income earned after November 12, 2007: The parties have stipulated that Dr. King incurred no loss of income or benefits after that date. Defendant does not oppose this portion of plaintiff's motion, which is granted.

(e) Evidence of sanctions issued by this court against plaintiff: Plaintiff's motion is granted as to this irrelevant and unduly prejudicial evidence, and evidence of the court's prior awards in this regard will not be permitted at trial.

New Orleans, Louisiana, this <u>24th</u> day of July, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE