UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELA KING, M.D.                          CIVIL ACTION

VERSUS                                     NO. 08-1060

UNIVERSITY HEALTHCARE                      MAGISTRATE JUDGE
SYSTEM, L.C.                               JOSEPH C. WILKINSON, JR.

**JURY INSTRUCTIONS READ TO THE JURY ON JULY 31, 2009**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPENING REMARKS**

LADIES AND GENTLEMEN:

It is now my duty to give you the rules of law applicable to this case and it is your

duty to follow them and to apply them to the facts as you find them from the evidence

before you.

The term "evidence" includes the sworn testimony of the witnesses and the

exhibits admitted into the record.  Remember that any statements, objections, or

arguments made by the lawyers are not evidence in the case.  The function of lawyers is

to point out those things that are most significant or most helpful to their side of the case,

and in so doing to call your attention to certain facts or inferences that might otherwise

escape your notice.   In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What counsel say is not binding upon you.

Also, during the course of a trial, I occasionally make comments to the parties, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

Your verdict must be based only on the evidence in the case.  You cannot be governed by sympathy or prejudice or any motive whatsoever, except a fair and impartial consideration of the evidence, and you must not allow any sympathy that you may have for either party to influence you in any degree whatsoever in arriving at your verdict.

After having determined the facts from the evidence before you, it is your duty to follow the rules of law that I give you in these instructions in reaching a verdict.

You are not to single out one instruction alone as stating the law, but you must consider these instructions as a whole.

Do not let bias, prejudice or sympathy play any part in your deliberations.  The parties to this case must be viewed as having equal standing in the community, as being of equal worth and holding the same or similar stations in life.

## CORPORATE PARTIES

A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. University Healthcare System, L.C., the defendant in this case, is a corporation and is entitled to the same fair trial in your hands as any individual.

A corporation may act only through natural persons as its agents or employees. In general, except as I otherwise charge you in these instructions, any agent or employee of a corporation may bind the corporation by the agent's or employee's actions done and statements made, provided that they are done or made while acting within the scope of the agent's or employee's authority, as delegated to the agent or employee by the corporation or within the scope of the agent's or employee's duties as an employee of the corporation.

## EVIDENCE - INFERENCES - DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may also consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances pointing to the existence or non-existence of certain facts. The law makes no distinction between the weight to be given to either direct or circumstantial evidence and you must consider both and find the facts in accordance with the preponderance of all the evidence, both direct and circumstantial.

## CREDIBILITY OF WITNESSES

In deciding this case, you are expected to use your good sense. Give the evidence and the testimony of each witness a reasonable and fair interpretation in the light of your own knowledge of the natural tendencies of human beings.

Now, I have said that you must consider all of the evidence in the case. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his relationship to a party; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness, and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## IMPEACHMENT BY WITNESS'S CONVICTION

In weighing the credibility of a witness, you may consider the fact that he has previously been convicted of a crime involving dishonesty or false statement. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

# IMPEACHMENT

A witness may be discredited or impeached by contradictory evidence; or by evidence that, at other times, the witness has made statements which are inconsistent with that witness's present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust that witness's testimony in other particulars; and you may reject all the testimony of that witness, or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

## **DEPOSITION TESTIMONY**

Certain testimony has been presented to you through deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned witnesses under oath.  A court reporter was present and recorded the testimony.  The questions and answers were played or shown to you on videotape or read to you during the trial.  This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

## ADMISSIBILITY OF EVIDENCE

At times throughout the trial, I have been called upon to pass on the admissibility of evidence. Whether evidence is admissible is purely a question of law for me to decide and with which you have no concern. From any ruling on these questions, you are not to draw any inference as to what weight should be given the evidence or as to the credibility of the witness. In admitting evidence to which an objection is made, I do not determine what weight should be given it; that is a matter for you to determine as jurors. As to any evidence rejected by me, you, of course, must not consider it at all.

Likewise, as to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection or for my ruling.

## <u>LIMITING INSTRUCTION</u>

You will recall that, during the course of this trial, I admitted certain evidence for a limited purpose.  Specifically, Plaintiff's Exhibits 26 and 27, among others, were admitted into evidence with some portions redacted, and some witnesses testified about the contents of those documents.  The redactions concerned matters which are <u>not</u> admissible as evidence in this case and which you must not consider.

## USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## **DEMONSTRATIVE EVIDENCE**

Charts used by counsel in their opening or closing arguments are only an illustration. They are a lawyer's description or picture or model to describe something involved in this trial. If your recollection of the evidence differs from the charts, rely on your recollection.

## **STIPULATIONS OF FACT**

Now, certain facts were stipulated to by both the plaintiff and the defendant in the

pretrial order entered before trial.  When attorneys on both sides stipulate or agree to the

existence of a fact, you the jury must accept the stipulation and regard that fact as proved.

In this case, the parties have stipulated to the following facts.

a.   Dr. King is a board certified anesthesiologist and a former employee of defendant.

b.   Dr. King received her medical degree from Tulane University School of Medicine, where she also completed a surgical internship and an anesthesiology residency.

c.   By virtue of her education, Dr. King was qualified and competent to work as an anesthesiologist.

d.   During her employment with defendant, Dr. King was never disciplined and never warned about any job deficiencies.

e.   Dr. King is a female.

f.   On or about March 15, 2005, Dr. King signed an employment agreement with defendant to provide anesthesiology services for a two-year term of employment commencing on or around March 15, 2005.

g.   Defendant offered $33,000 to all anesthesiologists irrespective of the amount of excess hours they had worked.

h.   On or around March 13, 2007, Dr. King received a letter dated March 12, 2007 from defendant's CEO James Montgomery advising her that her employment with defendant will end on March 15, 2007 and that "any and all offers to continue employment beyond March 15, whether communicated in writing or made orally, are hereby withdrawn."

i.   Plaintiff filed a timely EEOC charge and amended charge, received a right to sue letter and timely filed the complaint in this action.

j.   Defendant is an employer subject to the provisions of the Equal Pay Act and Title VII.

k.   Dr. King was an exempt employee.  She did not punch a time clock.

l.    Dr. King's base compensation under the Employment Agreement was $290,000, plus an additional $10,000 upon completion of Board Certification.

m.    The Employment Agreement also provided for compensation in the amount of $295 per hour, up to $60,000 per year, when Dr. King covered specialty call.

n.    The proposed bonus was offered in writing effective August 1, 2006 to all of defendant's anesthesiologists in a "First Amendment" to their employment agreements.

o.    A Second Amendment to Employment Agreement was presented to each anesthesiologist.  The Second Amendment offered to extend the term of employment for an additional 2 years from 2007 until July 31, 2009.  It also eliminated the provision regarding specialty call pay from the employment agreements.

p.    The Second Amendment offered Dr. King an increase in her annual salary from $290,000 to $390,000 payable in bi-weekly installments of $15,000.

q.    Dr. King obtained full time employment in November 2007 and incurred no loss of income or benefits after November 12, 2007.

r.    Dr. King has no claim for front pay damages.

s.    Dr. King has no claim for psychological or mental injury damages.

t.    Kimberly Ryan, defendant's Interim Chief Executive Officer, offered each anesthesiologist a bonus in the amount of $33,000.

u.    The same amount was offered to each doctor, male and female, with the exception of Dr. Gitlin.

## BURDEN OF PROOF--PREPONDERANCE OF THE EVIDENCE

The burden of proof is on the plaintiff in a civil action, such as this one, to prove every essential element of each of her claims by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, then you should find for the defendant on that claim.

To establish something by "a preponderance of the evidence" means simply to prove that something is more likely to be so than not so. In other words, a preponderance of the evidence means that when you weigh the evidence on a fact at issue in the case and compare it with the evidence opposed to it, you find it has more convincing force, and you believe that what is sought to be proved is more likely to be true than not true.

Plaintiff need prove her case only by a preponderance of the evidence. She need not produce every possible witness, and she need not prove her case beyond a reasonable doubt, as is necessary in a criminal prosecution. But speculation or mere possibility is not sufficient to support a judgment in her favor.

If a preponderance of the evidence does not support plaintiff's claims, then your verdict should be for the defendant. If, however, a preponderance of the evidence does support plaintiff's claims, you will then consider the defenses raised by the defendant.

16

Defendant has the burden of proof to prove every essential element of its affirmative defenses by a preponderance of the evidence according to the same standards that I have just described.

# **INTRODUCTION**

In this case, ladies and gentlemen, plaintiff, Dr. Angela King, seeks damages against defendant, University Healthcare System, L.C.

Dr. King has several claims in this case under federal and state law.  Her first claim under federal law is that University Healthcare discriminated against her on the basis of her gender.

Plaintiff's second claim under federal law is that University Healthcare retaliated against her by refusing to negotiate a new employment agreement and by terminating her employment because she had asserted a claim of discrimination.

Dr. King's third federal law claim is that defendant violated the Equal Pay Act by not compensating her on the same basis as male anesthesiologists for the same work.

Dr. King's fourth claim is for breach of contract under state law.  Specifically, she alleges that she is entitled to be paid for the excess hours that she worked at the rate of $150 per hour based on an oral contract.  Alternatively, she contends that she is entitled to be paid the $33,000 "excess hours bonus" that she earned by working the excess hours.

Plaintiff's fifth claim under Louisiana law is that defendant failed to pay her for wages that she had earned before her contract terminated.

Defendant, University Healthcare System, L.C., denies that it discriminated against plaintiff in any way based on her gender or that it retaliated against her based on any complaint of discrimination. University Healthcare asserts that its conduct toward plaintiff was motivated by legitimate, nondiscriminatory business reasons and that her contract expired by its own terms. University Healthcare also denies that it violated the Equal Pay Act in any way because it paid its anesthesiologists the same and made the same bonus offers to them, male or female. Defendant denies that there was an oral agreement or that there could be one. Defendant further denies that it failed to pay Dr. King wages for the hours that she worked.

I will now instruct you concerning the law applicable to plaintiff's claims.

Plaintiff's federal claims arise under two separate statutes known as Title VII and the Equal Pay Act. Her state law claims arise under Louisiana law concerning contracts and a Louisiana statute concerning payment of wages due to an employee after her employment is terminated.

## TITLE VII—DISCRIMINATION

Plaintiff's first federal claim under Title VII is for sexual discrimination. Plaintiff claims that she was discriminated against because of her sex.

Defendant denies plaintiff's claim and contends that it made its employment decisions concerning plaintiff for legitimate non-discriminatory reasons.

It is unlawful for an employer to discriminate against an employee because of the employee's sex.

To prove unlawful discrimination, plaintiff must prove by a preponderance of the evidence that defendant discriminated against her because of her sex.

If you disbelieve the reasons defendant has given for its decision, you may infer that defendant discriminated against plaintiff because of her sex.

## TITLE VII—DISCRIMINATION—SIMILARLY SITUATED

For plaintiff to prevail on her claim of disparate treatment based on her sex, she must show that University Healthcare treated similarly situated individuals outside of her protected class–in this case, male anesthesiologists–more favorably than it treated her. For employees to be "similarly situated," those employees' circumstances must have been nearly identical to plaintiff's circumstances.

## TITLE VII—RETALIATION

Plaintiff also claims that she was retaliated against for engaging in activity protected by Title VII.

Defendant denies plaintiff's claim and contends that, since plaintiff did not sign a renewal agreement, her employment agreement expired or lapsed by its terms on March 14, 2007.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.  To prove unlawful retaliation, plaintiff must prove by a preponderance of the evidence that defendant failed to negotiate with her for a new employment agreement and/or terminated her contract because she engaged in activity that is protected by Title VII.

Protected activity includes opposing an employment practice that is unlawful under Title VII, making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. If plaintiff's claim is for opposing an employment practice, she must prove that she had at least a reasonable belief that the practice was unlawful under Title VII.

If you disbelieve the reasons defendant has given for its decision, you may infer that defendant failed to renew or terminated plaintiff's contract because she engaged in protected activity.

## **EQUAL PAY ACT**

Plaintiff's third claim is that defendant violated the federal Equal Pay Act.

To prevail on her claim under the Equal Pay Act, plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Plaintiff engaged in work the performance of which required equal skill, effort, and responsibility as that of male anesthesiologists;

2. Plaintiff and the male anesthesiologists performed their jobs under similar working conditions; and

3. Defendant paid plaintiff less than it paid male anesthesiologists.

Plaintiff does <u>not</u> have to prove that defendant had discriminatory intent to prevail on her Equal Pay Act claim.

## **EQUAL PAY ACT–AFFIRMATIVE DEFENSES**

If you find that plaintiff has proven all the elements of her Equal Pay Act claim by a preponderance of the evidence, then you must consider defendant's affirmative defense to that claim.  Thus, University Healthcare System will <u>not</u> be liable under the Equal Pay Act if it proves by a preponderance of the evidence that the disparate wage payments were made pursuant to a differential based on any other factor other than sex.

## <u>DEFINITION OF EXEMPT</u>

I previously told you that the parties have stipulated, and you must accept as a proven fact, that Dr. King was an exempt employee. "Exempt" is a term of art under the federal Fair Labor Standards Act. Employees like Dr. King, whose jobs are governed by the Fair Labor Standards Act, are classified either as exempt or non-exempt. Non-exempt employees must be paid overtime pay at a higher rate for work performed in excess of 40 hours per work week. The law does <u>not</u> require exempt employees to be paid overtime pay.

## <u>DEFINITION OF CONTRACT</u>

Plaintiff's next claim is for breach of contract under Louisiana law.  A contract is an agreement by two or more parties whereby obligations are created, modified and extinguished.

## **CONTRACT FORMATION**

In this case, plaintiff alleges that she entered into an oral contract with defendant concerning payment for extra hours worked after Hurricane Katrina.   Defendant contends that the integration clause of plaintiff's written employment agreement prohibited any oral contract and denies that the parties agreed to an oral contract.

A contract is formed by the consent of all parties established through an offer and acceptance.   Offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.  No contract exists unless these requirements for its formation have been met.

## **COUNTEROFFER**

An acceptance not in accordance with the terms of the offer is deemed to be a counteroffer.

## WRITTEN AGREEMENT

An individual who signs a written agreement is charged with the responsibility of having read it and is presumed to know and understand its contents.

## **INTENT**

Interpretation of a contract is the determination of the common intent of the parties.

## **FORM OF CONTRACT**

When the parties have contemplated a certain form of contract, it is presumed that they do not intend to be bound until the contract is executed in that form.

## MODIFICATION BY ORAL CONTRACT

In this case, however, plaintiff alleges that she entered into an oral contract with defendant concerning payment for extra hours worked after Hurricane Katrina. Defendant contends that Paragraph 12.4 of plaintiff's written employment agreement prohibited any oral contract and denies that the parties orally modified the written contract in any way.

Under Louisiana law, testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.

Thus, even if the written contract in this case contains a provision requiring that all modifications be in writing, either oral agreement or conduct can nonetheless prove modification. It is a question of fact whether there were any valid oral agreements that modified the written contract. The party urging oral modification–in this case, the plaintiff, Dr. King–bears the burden of establishing that all parties mutually consented to a valid agreement as orally modified, and she must prove the facts or acts giving rise

to the modification.  The question of whether evidence in this case establishes her claim

under an oral contract is a finding to be made by you, the jury, as the trier of fact.

## **PROOF OF ORAL CONTRACT**

To prove the existence of an oral contract for a value in excess of $500, there must be proof from at least one credible witness and other corroborating circumstances.  The requirement of "one credible witness" may be met by the testimony of plaintiff herself.  Although the plaintiff must show other circumstances which corroborate her claim, only general corroboration is required, not independent proof of every detail of her testimony.

## **BREACH OF CONTRACT**

A breach of contract results from nonperformance, defective performance or delay in performance.  A contracting party is liable for the damages caused by his failure to perform.

To establish a breach of contract, Dr. King must prove by a preponderance of the evidence the existence of a valid oral contract between the parties, the terms of the oral contract, that defendant breached its obligation under the contract, and that the breach resulted in damages to her.

## AGENCY–APPARENT AUTHORITY

A corporation like defendant University Healthcare System, L.C., may act only through natural persons as its agents or employees. Defendant contends that Paragraph 9 of its written contracts with physicians prohibited physicians–like Dr. Fox, for example–from binding the corporation to contracts. Thus, in determining whether a valid oral contract was made between plaintiff and defendant, you must also determine whether the persons whom plaintiff alleges made the oral contract for defendant had authority to do so.

A person or, in this case, a corporation, is known as a principal when it gives power to another, known as an agent, to transact certain affairs for the corporation and in its name. An agent's power or authority is composed of his actual authority and the apparent authority which the principal has vested in him by its conduct. As between the principal and other persons, such as Dr. King in this case, the limit of an agent's authority to bind the principal is governed by the agent's apparent authority.

Apparent authority operates in favor of a party, like Dr. King, who is seeking to bind the principal, like University Healthcare, for an act of an apparent agent, which the defendant contends in this case did not happen and was unauthorized. For the doctrine of apparent authority to apply, plaintiff, Dr. King, bears the burden of proving, first, that

the principal–in this case, the defendant University Healthcare–acted to manifest the alleged agent's authority to plaintiff and, second, that plaintiff reasonably relied on the manifested authority of the agent.

The principal will be bound for the agent's actions only if plaintiff proves that the principal gave her a reasonable belief that the agent had authority to act for the principal. The burden of proving apparent authority is on plaintiff, because she is the party relying on the apparent authority of the agent.

Plaintiff may not blindly rely upon the assertions of an agent.  She has a duty to inquire into the nature and extent of the agent's power.

## __UNPAID WAGES CLAIM__

Plaintiff's fifth claim, which arises under Louisiana state law, is that defendant failed to pay her for wages that she earned for excess hours worked after Hurricane Katrina before her contract terminated, based on her alleged oral contract with defendant.

Under Louisiana law, when any employee is discharged, the employer must pay the amount then due to the employee under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular pay day or no later than 15 days following the date of discharge, whichever occurs first.

## **WAGES DEFINED**

This Louisiana law applies only to amounts due as wages.  Not all amounts due by an employer to an employee are wages.  For purposes of this law, wages are any amounts due under the terms of the employment, which are earned during a pay period.

A bonus can be deemed to be wages due under the terms of the employment if it is part of the bargained for compensation for past performance or services rendered.

## **FORFEITURE OF WAGES PROHIBITED**

Furthermore, no person, acting either for himself or as agent, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if they are discharged or resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.

## CONSIDER DAMAGES ONLY IF NECESSARY

If plaintiff has proven any of her claims against defendant by a preponderance of the evidence, you must determine the damages to which plaintiff is entitled. You should not interpret the fact that I have given instructions about plaintiff's damages as an indication in any way that I believe that she should, or should not, win this case. It is your task first to decide whether defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that defendant is liable and that plaintiff is entitled to recover money from defendant.

## **BURDEN OF PROOF–DAMAGES**

If you find that plaintiff established every element of any of her claims, you must determine whether she is entitled to an award of damages.  Plaintiff must prove, by a preponderance of the evidence, that she sustained damages as a result of defendant's wrongful conduct.  If you find that all or some of plaintiff's damages, if any, were the result of factors other than defendant's wrongful conduct, your verdict must be for the defendant as to those damages you find <u>did not</u> result from defendant's wrongful conduct.

## COMPENSATORY DAMAGES

There are two types of damages which are permissible in this type of case. The first is known as compensatory damages.

You will also be asked to determine whether defendant is liable for punitive damages and, if so, you will be asked to fix the amount of those damages. Because the methods of determining punitive damages and compensatory damages differ, I will instruct you separately on punitive damages later in these instructions. The instructions I now give you apply <u>only</u> to your award, if any, of compensatory damages.

If you find that defendant is liable to plaintiff, then you must determine an amount that is fair compensation for all of plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate her for the damage that she has suffered.

You may award compensatory damages only for losses that plaintiff proves were proximately caused by defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative losses, but only for those losses that plaintiff has actually suffered.

44

## COMPUTING DAMAGES

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that plaintiff prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: (1) back pay for sexual discrimination or retaliation in violation of Title VII, (2) damages for breach of the federal Equal Pay Act, (3) damages for breach of contract, and (4) penalty wages for violation of the Louisiana law concerning the payment of earned wages.

## **BACK PAY**

If you find that defendant violated plaintiff's federal rights by discriminating against her based on her sex or by retaliating against her because she engaged in activity protected by Title VII, you may award her back pay. Back pay consists of the wages and employee benefits, including periodic raises, that plaintiff would have received from the date of the adverse employment action until November 12, 2007. Remember that the parties stipulated, and you must accept as proven, that Dr. King incurred no loss of income or benefits after November 12, 2007. Therefore, you may not award any back pay after that date.

From this amount, you should subtract the total amount plaintiff has earned during the same period in wages, earnings or other income and benefits.

## EQUAL PAY ACT–DAMAGES

If you find that defendant violated the federal Equal Pay Act, you may award plaintiff the amount of money that will compensate her for the difference between what defendant paid her and what defendant paid a male employee or employees for performing jobs requiring substantially equal skill, effort and responsibility, which were performed under similar working conditions during the comparable time period.

## **DAMAGES FOR BREACH OF CONTRACT**

Under Louisiana law, damages for breach of contract are measured by the loss sustained by the non-breaching party and the profit of which she has been deprived.  In other words, if you find that defendant breached a contract with plaintiff and that plaintiff suffered damages as a result, plaintiff is entitled to be put in the same position she would have occupied if the defendant had performed its obligation.

## PENALTY WAGES

If you find that plaintiff has proved by a preponderance of the evidence that, when her employment ended, the defendant failed to pay the amount then due to her as wages under the terms of employment, as required by Louisiana law, plaintiff may be entitled to a penalty in an amount the parties have stipulated will be decided by the court, not the jury.

However, you must determine whether defendant is liable to pay a penalty by deciding the affirmative defense asserted by the defendant.  To avoid imposition of a penalty, the defendant must show by a preponderance of the evidence that it acted in a good faith, non-arbitrary manner.  If defendant proves that it acted in a good faith, non-arbitrary manner in failing to pay the plaintiff the bonus plaintiff alleges was due, then you must find for the defendant as to plaintiff's claim for penalty wages.  On the other hand, if you find that defendant has failed to prove that it acted in a good faith, non-arbitrary manner, then you must find for plaintiff on her claim for penalty wages.

## **MULTIPLE CLAIMS**

You must not award compensatory damages more than once for the same harm. For example, if plaintiff prevails on two claims and establishes a dollar amount for her losses attributable to that claim, you must not award her any additional compensatory damages on each claim. Plaintiff is only entitled to be made whole once, and may not recover more than she has lost. Of course, if different harms are attributed to the separate claims, then you must compensate plaintiff fully for all of her losses.

With respect to punitive damages, about which I will instruct you in a moment, you may make separate awards on each federal claim of sexual discrimination and/or retaliation that plaintiff has established.

## **PUNITIVE DAMAGES**

If you find that defendant is liable under Title VII for plaintiff's losses as a result of either sexual discrimination or retaliation, you must award plaintiff the compensatory damages that she has proven.  You also <u>may</u> award punitive damages, <u>if</u> plaintiff has proved that defendant acted with malice or willfulness or with callous and reckless indifference to the rights of others.   A defendant acts willfully or with reckless indifference to the rights of others if he knows that he may be acting in violation of federal law and he acted with reckless disregard of that law.

To the extent plaintiff is seeking punitive damages from defendant, defendant may <u>not</u> be held liable for punitive damages if defendant proves that it has a well-publicized anti-discrimination policy; that it made a reasonable effort to educate its employees about its anti-discrimination policies; and that it established a grievance procedure for complaints regarding discrimination.

If you determine that defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages.  In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future.  The law does

not require you to award punitive damages; however, if you decide to award punitive

damages, you must use sound reason in setting the amount of the damages.  The amount

of an award of punitive damages must not reflect bias, prejudice, or sympathy toward

any party.  It should be presumed a plaintiff has been made whole by compensatory

damages, so punitive damages should be awarded only if the defendant's misconduct,

after having paid compensatory damages, is so reprehensible as to warrant the imposition

of further sanctions to achieve punishment or deterrence.  You may consider the financial

resources of the defendant in fixing the amount of punitive damages.

Any award of punitive damages would be subject to income tax.

## __DUTY TO DELIBERATE__

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, be awarded damages in this case.

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or the sufficiency of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges–judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## **VERDICT FORM**

Upon returning to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A form of verdict has been prepared for your convenience.

[Explain Verdict Form]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the court security officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.