UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA KING, M.D. | CIVIL ACTION |
| VERSUS | NO. 08-1060 |
| UNIVERSITY HEALTHCARE SYSTEM, L.C. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW: EQUAL PAY ACT LIQUIDATED DAMAGES

Upon return of the jury's verdict, the court issued the following Findings of Fact and Conclusions of Law concerning Equal Pay Act liquidated damages, a matter reserved by the applicable law for determination by the court.

The Equal Pay Act amended Section 206 of the Fair Labor Standards Act to prevent pay discrimination based on sex, and to provide that the Fair Labor Standards Act's statute of limitations and liquidated damages provisions apply to Equal Pay Act claims. See 29 U.S.C. §§ 206(d)(3), 216(b), 260; Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164 (11th Cir. 2008).

The Fair Labor Standards Act assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes. 29 U.S.C. § 260 provides that, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor

Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." These are my findings of fact and conclusions of law in connection with plaintiff's liquidated damages claim under the Fair Labor Standards Act, made applicable to the Equal Pay Act.

Under the Fair Labor Standards Act, a district court generally <u>must</u> award a plaintiff liquidated damages <u>that are equal in amount to actual damages</u>. The statute provides: "Any employer who violates the provisions of [the Fair Labor Standards Act] . . . shall be liable to the . . . employees affected in the amount of their . . . unpaid . . . compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The Portal to Portal Act, 29 U.S.C. §§ 251-62, which amended the Fair Labor Standards Act, provides a safe harbor against the imposition of liquidated damages for an employer who can establish that it acted in good faith and under the reasonable belief that it was in compliance with the Fair Labor Standards Act. 29 U.S.C. § 260. The safe harbor provision provides:

> In any action . . . to recover . . . unpaid . . . compensation, or liquidated damages, under the [Fair Labor Standards Act] . . . , if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation . . . the court may, in its sound discretion, award no liquidated damages . . . .

An employer who violates the Fair Labor Standards Act's compensation provision carries the burden of proving its entitlement to the safe harbor. To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith. Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008) (citing Dybach v. Florida Department of Corrections, 942 F.2d 1562, 1566-67 (11th Cir. 1991); Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987)).

The Fifth Circuit has held that an employer faces a substantial burden of demonstrating good faith and a reasonable belief that its actions did not violate the Fair Labor Standards Act. Singer v. City of Waco, 324 F.3d 813, 822-23 (5th Cir. 2003) (citing Bernard v. IBP, Inc., 154 F.3d 259, 267 (5th Cir. 1998); Mireles v. Frio Foods, Inc., 899 F.2d 1407, 1415 (5th Cir. 1990)).

In this case, I find that defendant has failed to carry this substantial burden. The jury found that the defendant violated the Equal Pay Act in failing to pay plaintiff $32,700. This is clearly a finding that the failed payment was for the bonus, which defendant has characterized at various times as either an excess hours bonus for past hours worked, an extension bonus in exchange for signing a new contract or, more often, a bonus for both purposes. It is clear that Dr. King, a female, was treated differently from Dr. Mascia, a male, in the payment of this bonus. Dr. Mascia received it, although he did not sign any extension agreement, while Dr. King, who also did not sign an extension agreement, did not receive the bonus.

The principal evidence concerning the alleged good faith/reasonable belief explanation for defendant's conduct came from defendant's employees, Stephen Baldwin and Kim Ryan. Obviously, the jury did not accept this testimony in connection with its separate finding concerning defendant's argument that its payment of the bonus to Dr. Mascia was made pursuant to a differential based on any other factor other than sex. 29 U.S.C. § 206(d)(1)(iv). I similarly reject the testimony for purposes of establishing a basis for avoiding imposition of liquidated damages.

Baldwin's testimony was largely unpersuasive. His demeanor, his position as an executive of defendant, his manner of testifying, and his thorough impeachment on a separate issue in connection with the testimony he initially gave at page 53, line 5 of his pretrial deposition, which he later corrected and which he attempted to explain at trial, all convince me that defendant's explanation for its different treatment of Dr. Mascia in this regard did not rise to the level of good faith and reasonable belief in compliance with the Fair Labor Standards Act.

Ryan also addressed this issue in her testimony. While I find that Ryan's overall testimony throughout the case was generally credible, it was Baldwin, not Ryan, who had the principal logistical role and responsibility for dealing with the anesthesiologists in connection with the relevant contract and bonus documentation. While Ryan's testimony on this point was certainly more cogent than Baldwin's, it was not enough in my mind to

4

erase the doubts about the manner in which the different treatment of Dr. Mascia occurred, when compared to the treatment of Dr. King, in terms of payment of this bonus.

In addition, there is substantial testimony by the defense witnesses that these extension agreements, bonus agreements, excess hours agreements and various addenda which were circulated among the doctors were reviewed at various levels by in-house counsel for defendant. While there is testimony that in-house counsel reviewed these documents for various purposes, most of which were related to federal regulatory matters, there was no evidence that these materials were reviewed at any time for Equal Pay Act purposes. Under these circumstances, I cannot credit the explanation offered by defendant for purposes of avoiding the imposition of liquidated damages.

Accordingly, I find, pursuant to 29 U.S.C. § 216(b), that, in addition to the amount awarded by the jury on plaintiff's federal Equal Pay Act claim, defendant is also liable to plaintiff in an additional liquidated damages amount of $32,700.

Judgment will be entered accordingly.

New Orleans, Louisiana, this ___31st___ day of July, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE